# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| NICOLE KUSGEN, | ) |
| Plaintiff, | ) |
| v. | ) NO. 2:11-CV-4255-FJG |
| LAKE REGIONAL HEALTH SYSTEM, d/b/a LAKE REGIONAL MEDICAL GROUP, | ) |
| Defendant. | ) |

## ORDER

On September 27, 2011, plaintiff filed a three count Complaint alleging that defendant violated the Fair Labors Standards Act, Missouri's wage and hour laws, specifically Mo.Rev.Stat. §290.410 and the Health Insurance Portability and Accountability Act ("HIPAA"), specifically 45 C.F.R. § 160.316. Currently pending before the Court is defendant's Motion to Dismiss Counts II and III of Plaintiff's Complaint. (Doc. # 8).

### I. BACKGROUND

Plaintiff Nicole Kusgen is a former employee of Lake Regional Health System ("LRHS"). In Count II of her Complaint, plaintiff claims that she was paid a "lower percentage shift differential wage rate than that paid to male employees for the same quantity and quality of the same classification of work." (Complaint ¶ 29). In Count III, plaintiff states that in January 2011, she witnessed other employees discussing confidential patient information with non-employees, in violation of the HIPAA privacy

rule. She alleges that she reported these violations to her supervisor and shortly thereafter was terminated for an alleged breach of the wage and salary policy. Plaintiff alleges that she was wrongfully terminated in retaliation for reporting unlawful conduct to her supervisor and that her termination was unlawful under HIPAA. 45 C.F.R. § 160.316 (Complaint ¶ 39 - 40).

## II. STANDARD

To survive a motion to dismiss under 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662,129 S.Ct. 1937,1949,173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A pleading that merely pleads "labels and conclusions" or a "formulaic recitation" of the elements of a cause of action, or "naked assertions" devoid of "further factual enhancement" will not suffice. Id. (quoting Twombly). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Under Fed. R. Civ. P. 12(b)(6) we must accept the plaintiff's factual allegations as true and grant all reasonable inferences in the plaintiff's favor. Phipps v. FDIC, 417 F3d 1006, 1010 (8th Cir. 2005).

## III. DISCUSSION

Defendant moves to dismiss Count II of plaintiff's Complaint because the claim is untimely. Defendant argues that Mo.Rev.Stat. § 290.410 is subject to the statute of limitations contained in Mo.Rev.Stat. § 290.450 which states:

2

Case 2:11-cv-04255-FJG   Document 20   Filed 06/11/12   Page 2 of 4

> Any action based upon or arising under sections 290.400 to 290.450 shall be instituted in the circuit court within six months after the date of the alleged violation, but in no event shall any employer be liable for any pay due under sections 290.400 to 290.450 for more than thirty days prior to receipt by the employer of written notice of claim thereof from the female employee.

Defendant argues that it is clear from the language of the statute that any claim pursuant to § 290.410 must be brought "within six months after the date of the alleged violation." Plaintiff's employment was terminated on January 21, 2011, however, her Complaint was not filed until September 27, 2011, more than eight months later. Thus, defendant argues that this claim is time barred. In response, plaintiff states that she will voluntarily dismiss Count II of her Complaint. Plaintiff states that her proposed Amended Complaint reflects this change and is attached to her response.

With regard to Count III, defendant states that HIPAA does not create a private right of action for violations of the Act and thus Count III of plaintiff's Complaint should be dismissed. Plaintiff states in response that Count III does not allege that plaintiff's termination itself was a violation of HIPAA, rather, Count III is a wrongful discharge claim in retaliation for reporting the unlawful conduct of her co-workers. Plaintiff states that in general an employer can discharge an at-will employee "at any time, with or without cause." Scott v. Missouri Valley Physicians, P.C., 460 F.3d 968, 970 (8th Cir.2006) However, plaintiff argues that Missouri courts have recognized a public policy exception to the at-will doctrine. "Missouri courts have recognized a public policy exception to the employment-at-will doctrine. . . .The Missouri courts have recognized four types of cases under this exception: 1) discharge due to a refusal to perform an illegal act; 2) discharge based on an employee's act of reporting violations of law or

3

public policy to superiors or public authorities; 3) discharge based on an employee's participation in acts encouraged by public policy, such as jury duty; and 4) discharge because an employee filed a worker's compensation claim." Id. (internal citations omitted). Plaintiff argues that her wrongful discharge claim fits within the second exception and thus should not be dismissed. The Court agrees and finds that plaintiff has stated a claim for wrongful discharge under the whistle-blowing exception to the employment-at-will doctrine.

In response to defendant's Motion to Dismiss, plaintiff refers to an Amended Complaint which she attached to her response. However, plaintiff did not file a separate motion for leave to file an Amended Complaint. Accordingly, based on the Court's ruling, plaintiff shall file an Amended Complaint which reflects the Court's ruling, within five (5) days of the date of this Order.

## IV. CONCLUSION

For the reasons stated above, the Court hereby **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Dismiss (Doc. # 8).


Date: June 11, 2012　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　Chief United States District Judge